UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RADAI INOCENCIO INOCENCIO,

       Plaintiff,

    v.

Case No. 2:25-cv-1208-KCD-DNF

WARDEN OF FLORIDA SOFT
SIDE SOUTH, OFFICIAL
CAPACITY; MIAMI FIELD
OFFICE DIRECTOR,
ENFORCEMENT AND REMOVAL
OPERATIONS, IMMIGRATION
AND CUSTOMS ENFORCEMENT,
OFFICIAL CAPACITY;
ATTORNEY GENERAL PAMELA
BONDI, OFFICIAL CAPACITY;
AND SECRETARY KRISTI NOEM,
DEPARTMENT OF HOMELAND
SECURITY, OFFICIAL CAPACITY,

       Defendants.

_____/

## ORDER

Plaintiff Radai Inocencio Inocencio has filed a habeas corpus petition challenging his detention by U.S. Immigration & Customs Enforcement. (Doc. 1.) He claims that the Attorney General is holding him without a bond hearing in violation of the Immigration and Nationality Act ("INA"). (*Id.* at 6-

7.)[1] Defendants have responded. (Doc. 13.) For the reasons below, the petition is **GRANTED IN PART AND DENIED IN PART**.

Inocencio illegally entered the United States in 2001. (Doc. 1 ¶ 19.) He was recently detained following a traffic stop by ICE and is now at Alligator Alcatraz in the Middle District of Florida. (*Id.* ¶¶ 19-20.)

ICE is holding Inocencio under 8 U.S.C. § 1225. This matters because aliens detained through § 1225(b)(2) must remain in custody throughout their removal proceedings. *See Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018) ("[Sections] 1225(b)(1) and (b)(2) thus mandate detention of applicants for admission until certain proceedings have concluded."). Removal proceedings are underway against Inocencio, and he is accused of unlawfully entering the United States. (*See* Doc. 1.)

The heart of this case is a question of statutory interpretation involving the interplay between 8 U.S.C. §§ 1225 and 1226. According to Inocencio, the Attorney General is unlawfully holding him under § 1225(b)(2), which mandates his detention, instead of under § 1226(a)'s discretionary detention scheme, where he could be eligible for release. As a result, his continued detention without a bond hearing is unconstitutional.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

2

The Court has already covered this ground and addressed the issues raised by Inocencio. *See Hernandez-Lopez v. Hardin, et al.*, No. 2:25-CV-830-KCD-NPM, 2025 WL 3022245 (M.D. Fla. Oct. 29, 2025); *Garcia v. Noem*, No. 2:25-CV-00879-SPC-NPM, 2025 WL 3041895, at *6 (M.D. Fla. Oct. 31, 2025). There, the Court was satisfied of its jurisdiction and found that petitioners were being held in violation of their rights under the INA, entitling them to habeas relief. The same result applies here. It is undisputed that Inocencio has been in the United States for years. His detention is thus governed by § 1226. And as a noncitizen detained under § 1226, Inocencio is entitled to a bond hearing. *See Jennings*, 583 U.S. at 306 ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.").

Inocencio seeks a writ of habeas corpus ordering his immediate release from custody. (Doc. 1 at 7.) But that is not something the Court can do. "[Section] 1226(a)(1) grants the executive branch discretion to determine whether to detain or release a noncitizen who is facing removal proceedings." *Hulke v. Schmidt*, 572 F. Supp. 3d 593, 596 (E.D. Wis. 2021). Inocencio is an alien without lawful status. So he is entitled to a bond hearing under § 1226(a), not immediate release. *See, e.g.*, *Lopez-Arevelo*, No. EP-25-CV-337-KC, 2025 WL 2691828, at *12 (W.D. Tex. Sept. 22, 2025). Consistent with the "comfortable majority position," the Court will instead require Defendants to

provide Inocencio with the statutory process required under § 1226(a), which includes a bond hearing. *Id.*

For these reasons, Inocencio's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED IN PART AND DENIED IN PART**. The Court orders Defendants to provide Inocencio with the statutory process required under § 1226, which includes a bond hearing. All other relief is **DENIED**. The Clerk is directed to terminate any pending motions and deadlines and close the case.[2]

**ORDERED** in Fort Myers, Florida on February 3, 2026.

Kyle C. Dudek
United States District Judge

---

[2] The Court is aware of a pending California case that certified a class action of aliens who, like Inocencio, are in immigration detention and being denied access to a bond hearing. *See Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025). A final judgment has been issued in *Bautista*, which would ostensibly cover this dispute. Still, Inocencio would seemingly need to return to this jurisdiction to obtain the habeas relief sought. *See, e.g., Alli v. Decker*, 650 F.3d 1007, 1015 (3d Cir. 2011); *J.E.F.M. v. Holder*, 107 F. Supp. 3d 1119, 1144 (W.D. Wash. 2015). The Court will thus grant Inocencio's habeas petition notwithstanding *Bautista*.